NATIONAL LABOR RELATIONS
BOARD, Petitioner,

v.

DORAL BUILDING SERVICES,
INC., Respondent.

No. 81–7206.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Dec. 7, 1981.

Decided Jan. 28, 1982.

Sarah Green, Deputy Associate Counsel, Washington, D. C., argued, for petitioner; Elliott Moore, Washington, D. C., on brief.

Andrew B. Kaplan, Pettit & Martin, Los Angeles, Cal., for respondent.

Before BROWNING and ANDERSON, Circuit Judges, and MARQUEZ,* District Judge.

MARQUEZ, District Judge:

On April 6, 1981, the National Labor Relations Board applied to this court for the enforcement of its January 13, 1981 Decision and Order directing the respondent, Doral Building Services, Inc., to cease and desist from certain unlawful activities and to take remedial measures to rectify the unfair labor practices found to exist by the Administrative Law Judge and the Board. The Board's decision is reported at 254 N.L. R.B. No. 23. The Administrative Law Judge and the Board specifically found that Doral had violated §§ 8(a)(1) and (3) of the National Labor Relations Act, 29 U.S.C. § 151 et seq., by interrogating employees concerning their union activities, threatening employees with job loss if they "went" union, promising benefits in order to discourage union activities and by discharging certain employees in retaliation for their union activities. In its Decision, the Board affirmed the rulings, findings and conclusions of the Administrative Law Judge and adopted his recommended Order with certain exceptions not applicable here.

* Honorable Alfredo C. Marquez, United States District Judge, District of Arizona, sitting by designation.

This court has jurisdiction over this matter pursuant to 29 U.S.C. § 160(e).

Doral filed its Answer to the Board's application on April 17, 1981 specifying its objections to the Board's Decision and Order. Both parties then submitted briefs to this court concerning several different issues, one of which is dispositive of the case *sub judice* : whether or not the Administrative Law Judge's refusal to permit cross-examination of the General Counsel's witnesses as to pre-hearing statements given to the Board constitutes prejudicial error. Doral contends that the Judge's action was prejudicial *per se*. The General Counsel argues that, absent a showing of inconsistencies between the affidavits and live testimony, there is no prejudicial error.

During the hearing before the Administrative Law Judge, Doral requested the pre-hearing affidavits of General Counsel's witnesses Palma, Hernandez, and Donado, pursuant to § 102.118(b)(1) of the Board's Rules and Regulations, Title 29, Code of Federal Regulations, after each had testified on direct examination. These affidavits had been prepared in Spanish, the native tongue of these witnesses. Unofficial English translations of the affidavits had been prepared by a Board employee. The General Counsel turned over the original affidavits along with their unofficial English translations to counsel for Doral at the hearing.

After counsel for Doral began to cross-examine Palma concerning the content of his affidavit, the Administrative Law Judge ruled that he would not permit Doral to use the unofficial English version of the affidavit "in a classic impeachment matter". Although both Doral and the General Counsel objected, for different reasons, the unofficial affidavits were then received into evidence. While refusing to allow counsel for Doral to cross-examine from them, the Judge implied that Doral should argue, in its post-hearing brief, that the witnesses

should not be credited because of the inconsistencies between their pre-hearing affidavits and live testimony.

Counsel for Doral made the same objection to the Judge's limitation on his cross-examination, based on the affidavits, each time one of the three witnesses was called by the General Counsel. Each time the Judge refused to permit cross-examination by Doral although he acknowledged that he "had constructed a rather difficult, artificial situation on this whole matter of the English translations" and that "this procedure is far from perfect, and is somewhat contrived".

Doral properly objected to the Administrative Law Judge's limitation upon its right to cross-examine and to those findings of fact and conclusions of law which turned on the credibility of the three witnesses who were not cross-examined about their pre-hearing affidavits.

The N.L.R.B. has adopted the rationale of *Jencks v. United States*, 353 U.S. 657, 77 S.Ct. 1007, 1 L.Ed.2d 1103 (1957), and made its provisions applicable to Board proceedings. *Ra-Rich Mfg. Corp.*, 121 N.L.R.B. 700 (1958). In *Ra-Rich Mfg. Corp.*, the Board held that "the holding of the *Jencks* case applies to Board proceedings and affords parties thereto, upon proper demand, the right to production *for purposes of cross-examination* of pretrial statements made by witnesses who have already testified in such proceedings." [emphasis added] *Id.*, at 701–02.

Three years later in *Tidelands Marine Service, Inc.*, 126 N.L.R.B. 261 (1960), the Board elaborated on the *Ra-Rich* holding. In resolving the same evidentiary question as is before the court now, the Board rejected the argument that the purpose of *Jencks, supra*, "is merely to bring to light at the hearing any discrepancy between a witness's direct testimony and his pretrial statement, and absent any such discrepancy the failure to cross examine the witness in the light of his pretrial statement is not prejudicial". *Tidelands, supra*, at 263. In remanding to the Board to reopen the hearing so that the respondent would have an

opportunity to cross-examine on the basis of the witnesses' pre-trial statements, *Tidelands* specifically relied upon this language of *Jencks*:

Flat contradictions between the witness' testimony and the version of events given in his reports is not the only test of inconsistency. The omission from the reports of facts related at the trial, or a contrast in the emphasis upon the same facts, even a different order of treatment, are also relevant to the cross-examining process of testing the credibility of a witness' trial testimony * * *. A requirement of a showing of conflict would be clearly incompatible with our standards for the administration of criminal justice in the Federal Courts and must be rejected. ( [353 U.S.] pp. 667–668 [77 S.Ct. pp. 1012–1013].)

*Id.*

The Ninth Circuit has approved and specifically applied the *Tidelands* holding in *N.L.R.B. v. Seine and Line Fishermen's Union of San Pedro*, 374 F.2d 974, 978–79 (9th Cir. 1967), cert. denied, sub. nom. *Biazevich v. N.L.R.B.*, 389 U.S. 913, 88 S.Ct. 239, 19 L.Ed.2d 261 (1967). The facts of that case were very close to those of *Tidelands*. The trial examiner, similarly, impermissibly limited the cross-examination of reappearing witnesses to merely establishing omissions from pre-hearing affidavits which were later related by the witness at the hearing. The *Seine* court found that, because the trial examiner did not enforce this ruling and, in fact, permitted quite liberal cross-examination, the prejudicial effect flowing from a violation of *Jencks* did not exist. In its opinion, this court re-emphasized the importance of subjecting the General Counsel's witnesses to a full, complete, and proper cross-examination. *Seine, supra*, at 979.

In *Dwight-Eubank Rambler, Inc. v. N.L.R.B.*, 380 F.2d 141, 145 (9th Cir. 1967), this court reiterated a party's "right to inspect and use, *for purposes of cross-examination*, written statements made prior to the hearing by witnesses called by counsel for the general counsel." The *Dwight-Eubank* court found that any prejudicial effect of

 

the *Jencks* violation was waived by the failure of the company to seek a rehearing once the Government made available the pre-hearing statements that were, at the time of the hearing, lost. Doral has neither been afforded the opportunity to cross-examine witnesses at a rehearing nor has it failed to pursue its objections either before the Board or here.**

*Seine, supra,* and *Dwight-Eubank, supra,* did not reverse the Administrative Law Judge, but they are distinguishable on the facts. Not only was Doral supplied with unofficial and unverified translations of the original affidavits, it was prohibited from conducting any cross-examination at all. The fact that the original affidavits may have been supplied to Doral and the Judge is of no importance—no one at the hearing understood Spanish. Proper cross-examination would be impossible and unhelpful to a Judge charged with making credibility determinations upon the whole record. The better procedure would have been to continue the hearing until an official translation could be prepared and, then, allow full cross-examination of the witnesses as to their pre-hearing statements. Not every procedural irregularity is *per se* prejudicial, *N.L.R.B. v. Heath Tec Division/San Francisco,* 566 F.2d 1367, 1371 (9th Cir. 1978), *cert. denied,* 439 U.S. 832, 99 S.Ct. 110, 58 L.Ed.2d 127 (1978), citing *Seine, supra,* but the prejudicial effect resulting from the procedure to which Doral objects has been specifically acknowledged by the Board itself, *Ra-Rich, supra; Tidelands, supra,* and the Ninth Circuit, *Seine, supra; Dwight-Eubank, supra.* Doral has, thus, clearly met its burden. *Seine, supra,* at 981.

This matter is, accordingly, remanded to the N.L.R.B. to reopen the hearing and to permit Doral to cross-examine, in reference to their affidavits, Palma, Hernandez, and Donado without the limitations imposed

upon the parties by the Administrative Law Judge. Official English translations of the original Spanish statements should be prepared and made available to the parties and the Judge.

Enforcement is DENIED and the case is remanded for further proceedings.

---

** The Third Circuit, citing both *Seine, supra,* and *Dwight-Eubank, supra,* held that the prejudicial effect of an erroneous evidentiary ruling was mitigated by the specific facts of the case before that court; that is, by the trial examiner's offer and the petitioner's refusal to reopen the hearing to recall witnesses for cross-examination based on their pre-hearing statements. *Carlisle Paper Box Co. v. N.L.R.B.,* 398 F.2d 1, 5 (3rd Cir. 1968). The trial examiner properly, under the circumstances recited above, did not strike the witnesses' testimony adduced at the original hearing.