**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**DORAL BUILDING SERVICES, INC., Respondent.**

No. 81–7206.

United States Court of Appeals, Ninth Circuit.

June 30, 1982.

Sarah Green, Deputy Associate Counsel, Washington, D. C., argued, for petitioner; Elliott Moore, Washington, D. C., on brief.

Andrew B. Kaplan, Pettit & Martin, Los Angeles, Cal., for respondent.

Before BROWNING, Chief Judge, ANDERSON, Circuit Judge, and MARQUEZ,* District Judge.

* Honorable Alfredo C. Marquez, District Judge, United States District Court for the District of Arizona, sitting by designation.

### ORDER

Upon due consideration of Doral's application for fees and expenses under the Equal Access to Justice Act and the National Labor Relations Board's opposition thereto, the court concludes that since Doral has not prevailed on the merits of the underlying action, 9th Cir., 666 F.2d 432, an award of fees at this time would be inappropriate. *See Hanrahan v. Hampton*, 446 U.S. 754, 100 S.Ct. 1987, 64 L.Ed.2d 670 (1979). Although *Hanrahan* involved the Civil Rights Attorney's Fees Act of 1976, 42 U.S.C. § 1988, we cannot distinguish it from the Equal Access to Justice Act for purposes of defining "prevailing party." *See* H.R.Rep. No.96–1418, 96th Cong., 2d Sess. 11, reprinted in [1980] U.S.Code Cong. & Ad.News 4984, 4990 (noting that the term "prevailing party" as used in the EAJA [28 U.S.C. § 2412(d)(1)(A)] should be interpreted consistent with the law developed under existing statutes).

The application for fees is therefore DENIED.