**Jose Rolando ESCOBAR RUIZ, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE, Respondent.**

No. 83–7502.

United States Court of Appeals, Ninth Circuit.

April 17, 1986.

Marc Van Der Hout, San Francisco, Cal., for petitioner.

Mark C. Walters, Washington, D.C., for respondent.

Before DUNIWAY, FLETCHER, and REINHARDT, Circuit Judges.

REINHARDT, Circuit Judge:

I.  BACKGROUND

Escobar Ruiz, a citizen of El Salvador, allegedly entered this country without inspection in early 1983.  On April 19, 1983, he was arrested and deportation proceedings were commenced.  The immigration judge (IJ) found him to be deportable, and

he appealed to the Board of Immigration Appeals (BIA). On June 2, Escobar Ruiz filed a motion to reopen. On June 28, the BIA affirmed the IJ and denied the motion. On July 7, 1983, Escobar Ruiz filed a timely petition for review by this court. On July 11, 1984, oral argument was conducted. At that time, we expressed strong concern regarding the INS's conduct throughout the proceedings below; it appeared that respondent had not given Escobar Ruiz proper notice of the various hearings and had failed to advise Escobar Ruiz of his rights, in violation of its own regulations. Shortly thereafter, on July 26, *respondent* moved the BIA to reopen Escobar Ruiz's deportation proceedings. That motion was granted on August 6, despite the fact that one year earlier, the *petitioner's* motion to reopen had been denied.

On September 6, we filed an order dismissing Escobar Ruiz's petition for review as moot because the BIA had reopened the deportation proceedings. Escobar Ruiz then timely filed an application for attorney's fees for work his counsel performed before the BIA and this court, pursuant to the former Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d) (1982).[1] Former section 2412(d)(1)(A) states:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States [attorney's fees] incurred by that party in any civil action (other than cases sounding in tort) brought by or against the United States ... unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

Respondent advances three arguments why Escobar Ruiz is not entitled to the attorney's fees requested: first, EAJA does not apply to proceedings before the IJ and the BIA, and thus no attorney's fees can be awarded for work performed before those entities; second, Escobar Ruiz was not a "prevailing party" within the meaning of former section 2412(d)(1)(A), and thus no attorney's fees can be awarded for *any* of the work performed, even if EAJA does apply to proceedings before the IJ and BIA; third, even if Escobar Ruiz was a prevailing party, his claim for attorney's fees is too high.

## II. APPLICABILITY OF EAJA

Respondent points out that former section 2412(d)(1)(A) begins "Except as otherwise specifically provided by statute ..." and argues that section 292 of the Immigration and Naturalization Act of 1952, 8 U.S.C. § 1362 (1982), "otherwise specifically provide[s]." Section 292 states:

> In any exclusion or deportation proceedings [before the BIA and the IJ] the person concerned shall have the privilege of being represented (at no expense to the Government) by such counsel, authorized to practice in such proceedings, as he shall choose.

Respondent claims that the parenthetical language—"at no expense to the Government"—is an explicit directive that EAJA is not to apply.

■ An examination of the legislative history of EAJA makes it clear that the words "Except as otherwise specifically provided ..." in former section 2412(d)(1)(A) were not intended to refer to statutes such as section 292. In its report, the House Judiciary Committee stated that former section 2412(d) *"applies to all civil actions except ... those already covered by existing fee-shifting statutes."* H.R. Rep. No. 1418, 96th Cong. 2d Sess. 18 (1980), *reprinted in* 1980 U.S.Code Cong. & Ad.News 4953, 4984, 4997 (emphasis added). The Committee reiterated this important point, stating that former section 2412(d) "is not intended to replace or supercede any existing fee-shifting statutes....

---

1. EAJA expired by its own terms on October 1, 1984, but it continues to apply to actions begun before that date. Pub.L. No. 96–481, § 204(c), 94 Stat. 2321, 2329 (1980). Congress recently reenacted EAJA in somewhat modified form, and made the reenactment retroactive to October 1, 1984. Pub.L. No. 99–80, 99 Stat. 183 (1985). Unless otherwise indicated, all references in this opinion are to the former EAJA.

It is intended to *apply only to cases ... where fee awards against the government are not already authorized."* [2] *Id.* (emphasis added). These Congressional statements make it clear that the clause "Except as otherwise specifically provided by statute" was intended to refer only to other fee-shifting statutes. Section 292 is clearly not such a statute. Deportation proceedings before the IJ and the BIA are civil proceedings in which fee awards against the government were not already authorized prior to the passage of EAJA. They are precisely the type of proceedings to which Congress intended former section 2412(d) to apply.

■ The legislative history and the circumstances of enactment surrounding section 292 support this conclusion. The House Judiciary Committee described section 292 in part of its discussion of the *rights* aliens were to have in immigration proceedings. H.R.Rep. No. 1365, 82d Cong., 2d Sess. 57 (1952), *reprinted in* 1952 U.S.Code Cong. & Ad.News 1653, 1712. *See also* H.R.Rep. No. 1365 at 234 (comparing § 292 with prior law under Immigration Act of 1917). In other words, in section 292 Congress provided that while aliens have the right to be represented by counsel, indigent aliens do not have a right to appointed counsel at government expense. EAJA is not inconsistent: indigents do not have a right to have counsel appointed at government expense under that statute. Instead, litigants are entitled to attorney's fees, whether their counsel is retained or volunteer, only if they prevail against the government. Furthermore, it is self-evident that Congress in 1952 did not include the parenthetical language in sec-

tion 292 in an attempt to ensure that EAJA, a statute that would not be enacted for another 28 years, would not be applied to immigration proceedings.

■ The parenthetical language in section 292 was designed to deal with the relationship between indigency and the right to counsel; [3] former section 2412(d) was enacted to deal with the entirely separate problem of fee-shifting, whether counsel is paid or volunteer. Accordingly, we hold that EAJA does apply to immigration proceedings before the IJ and the BIA. We must now consider respondent's arguments that even if EAJA applies, Escobar Ruiz is not entitled to the attorney's fees he requests.

## III. PREVAILING PARTY STATUS

Respondent argues that even though Escobar Ruiz's deportation proceedings were reopened, Escobar Ruiz is not a "prevailing party" within the meaning of former section 2412(d)(1)(A), and thus is not entitled to any attorney's fees at all. We addressed a similar issue in our brief order in *NLRB v. Doral Building Services,* 680 F.2d 647 (9th Cir.1982). We adopted the definition found in the Civil Rights Attorney's Fees Act of 1976, 42 U.S.C. § 1988, and held that in order to be a prevailing party under EAJA, a litigant must obtain at least some relief on "the merits of the underlying action." *Doral,* 680 F.2d at 647. We said that a remand to an administrative agency without more is not relief on the underlying merits. *Id.*

■ If we were to remand on some issues, but reach the merits of others, then the private litigant could be considered to

---

**2.** Former section 2412(d)(1)(A) also contains an explicit exception for certain tort cases. The tort exception and the exception for other fee-shifting statutes are the only two exceptions provided for in the former section. The new EAJA retains the same two exceptions. *See* Pub.L. No. 99–80, § 2(a), 99 Stat. 183, 184 (1985) (reenacting § 2412(d)(1)(A) with minor changes).

**3.** We note that Congress' treatment of indigent aliens in § 292 may not be constitutional as

applied in individual cases. The fifth amendment guarantee of due process applies to immigration proceedings, and in specific proceedings, due process could be held to require that an indigent alien be provided with counsel despite the prohibition of section 292. *See Magallanes-Damian v. INS,* 783 F.2d 931, 933 (9th Cir.1986). This potential flaw in the parenthetical language of § 292 further counsels against relying on the parenthetical to find that EAJA does not apply.

be a prevailing party with respect to the latter issues, *see Hanrahan v. Hampton*, 446 U.S. 754, 756–58, 100 S.Ct. 1987, 1988–89, 64 L.Ed.2d 670 (1980) (per curiam). However, in the case before us, as in *Doral*, we failed to reach any issue on the merits. Even though our order in *Doral* is overly terse, and fails even to mention the possible distinctions between appeals from agency actions and other types of litigation, it is controlling precedent here. Because Escobar Ruiz has not yet received a favorable determination of any of the merits of his underlying action, he cannot be a "prevailing party" for purposes of former section 2412(d)(1)(A). As a result, he is not entitled to an award of attorney's fees at this time.[4]

## IV. PROCEDURAL PROBLEMS

The holding that is compelled by our prior order in *Doral* does create some potential jurisdictional complexities because an administrative agency, unlike a district court, cannot award attorney's fees for work done before this court. If Escobar Ruiz should prevail in the administrative proceedings, but the agency denies attorney's fees for work done before it, then he can petition us for leave to appeal the denial of fees pursuant to former 5 U.S.C. § 504(c)(2) (1982) and Ninth Circuit Rule 31(b).[5] We would then also have jurisdiction to consider a renewed application for attorney's fees for work done before us. ■ However, if Escobar Ruiz prevails below, and the agency *grants* attorney's fees, then there is no immediately apparent established procedure for him to use in renewing his request for an award of attorney's fees for work done before us.[6] As noted above, the BIA or IJ cannot make such an award. No provision of law appears to explicitly authorize a petition for review, or an appeal, for the sole purpose of awarding fees for work done in this court. It is clear, however, that Congress did not intend that a successful litigant against the government would lose his rights to an award of attorney's fees under EAJA merely because of the vagaries of the rules of appellate procedure. Accordingly, we hold that should Escobar Ruiz prevail in the agency proceedings and receive an award of fees for work done before the agency, he may renew his application for fees for work done in this court, as part of the proceedings before this court in this case number 83–7502, no later than 60 days after the grant of attorney's fees in the reopened agency proceedings.[7]

## V. CONCLUSION

Escobar Ruiz's application for attorney's fees is denied at this time, because he is not a "prevailing party" within the meaning of former section 2412(d)(1)(A). The application may be renewed in the future in the manner described in part IV, *supra*. Pursuant to our order of September 6, 1984, any future petitions for review or for leave to appeal, or applications for fees or costs shall be assigned to the panel issuing this opinion.

DENIED.

DUNIWAY, Circuit Judge (concurring and dissenting):

I concur in parts I, II and III of Judge Reinhardt's opinion. I do not concur in

---

4. Thus, we need not consider respondent's argument that Escobar Ruiz's fee request is too high.

5. Under the new EAJA, a litigant may simply appeal, rather than having to petition for leave to appeal. *See* Pub.L. No. 99–80, § 1(d), 99 Stat. 183, 184 (1985) (reenacting and amending 5 U.S.C. § 504(c)(2)).

6. Our concurring colleague contends that part IV of this opinion is dicta. We disagree. If there were no procedure for Escobar Ruiz to bring his application before us at the termination of the administrative proceedings, then we would be required to consider the merits of his application now because, as discussed below, Congress did not intend litigants to lose their rights to an EAJA award merely because of the technicalities of appellate procedure. Thus, we must determine now whether such a procedure exists.

7. If Escobar Ruiz does not prevail in the administrative proceedings, he may of course petition us for review, and we can consider an application for an award of attorney's fees in the normal course.

part IV because everything said in that part is dictum. The questions it discusses are not now before us. I also concur in the denial of Escobar-Ruiz's application contained in part V of the opinion but not in the second sentence of part V.