81 F.3d 167
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Pedro DIAZ-MAGANA, Petitioner-Appellant,
v.
Richard K. ROGERS, District Director, Respondent-Appellee.
 No. 95-55884.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 4, 1996.*
Decided March 20, 1996.
 
 Before: SKOPIL, CANBY, and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Pedro Diaz-Magana appeals the district court's denial of his Equal Access to Justice Act (EAJA) request for attorney's fees. Although Diaz was successful in obtaining a remand on his motion to reopen proceedings before the INS, the district court denied his request for fees, reasoning that the EAJA does not apply to judicial review of exclusion orders, and if the EAJA does apply, Diaz is not yet a prevailing party. We conclude that the EAJA does apply. We affirm, however, on the ground that Diaz has not yet prevailed.
 
 DISCUSSION
 
 3
 The district court ruled that the EAJA does not apply to judicial actions brought pursuant to 8 U.S.C. § 1105a(b). That statute provides that an alien may seek judicial review of an INS exclusion order "by habeas corpus proceedings and not otherwise." The district court, relying on Boudin v. Thomas, 732 F.2d 1107 (2d Cir.1984), held that the EAJA does not apply to habeas petitions.
 
 
 4
 We rejected that position, however, in Petition of Hill, 775 F.2d 1037, 1040-01 (9th Cir.1985). We held that the purposes underpinning the EAJA are served by characterizing section 1105a(b) habeas petitions as civil actions. Moreover, we note that even the Second Circuit does not apply its Boudin decision to immigration cases. See Sotelo-Aquije v. Slattery, 62 F.3d 54, 56 (2d Cir.1995). Our conclusion makes it unnecessary to consider Diaz's contention that treating exclusion proceedings differently from deportation proceedings violates equal protection.
 
 
 5
 The district court also ruled that Diaz is not entitled to attorney's fees because he is not yet a prevailing party. We agree. Generally, a remand to an agency does not mean that a party will prevail on the merits. See Sullivan v. Hudson, 490 U.S. 877, 886 (1989). We have expressly held that "a remand to an administrative agency without more is not relief on the underlying merits" and thus without "a favorable determination of any of the merits of his underlying action, [the alien] cannot be a 'prevailing party' for purposes of [the EAJA]." Escobar Ruiz v. INS, 787 F.2d 1294, 1297-98 (9th Cir.1986), affirmed 838 F.2d 1020 (9th Cir.1988) (en banc).
 
 
 6
 Even if we apply the new rule for establishing prevailing party status in social security disability benefit cases, see Flores v. Shalala, 49 F.3d 562, 567 (9th Cir.1995), the result is the same. The district court's remand was not a determination on the merits of Diaz's request for a waiver, but rather directs the BIA to consider new evidence bearing on the agency's decision to reopen the proceedings. If Diaz prevails in the administrative proceedings, the district court should allow him to renew his EAJA application for attorney's fees and costs. The government's contentions that an EAJA award should be barred because the its position was "substantially justified" or that special circumstances make an award in this case "unjust" may also be renewed at that time.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3