92 F.3d 1192
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gustavo Horacio JARQUIN-RIOS, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70085.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 21, 1996.*
Decided Aug. 1, 1996.
 
 Before: CHOY, SNEED, and SKOPIL, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gustavo Horacio Jarquin-Rios petitions to review the denial of his application for asylum and withholding of deportation. We grant the petition.
 
 Factual and Procedural Background
 
 3
 Jarquin-Rios is a twenty-seven year old citizen of Nicaragua. He testified that at age fifteen two men came to his home and arrested him in an effort to force him to join the militia. Jarquin-Rios was detained for approximately one month and was released from custody when his lawyer presented proof to the local court that he was not yet seventeen, the legal age for conscription.
 
 
 4
 Jarquin-Rios's release from custody was conditional. The court required that a bond be posted, that Jarquin-Rios report to the court twice a month, and that Jarquin-Rios and his father not leave Managua without the court's permission.
 
 
 5
 Jarquin-Rios testified that the reason for his arrest and attempted conscription was his personal and his family's opposition to the Sandinistas. Jarquin-Rios's father was director of the National Agricultural Institute under former president Somoza and lost his job when the Sandinistas took over. Jarquin-Rios's great uncle was a general and head of security for Somoza. One of his aunts held a high ranking position in the finance ministry and was arrested and imprisoned for three months after the Sandinista takeover. Finally, Jarquin-Rios's uncle who was a captain in Somoza's army and a delegate to the United Nations was assassinated by the Sandinistas.
 
 
 6
 Members of the militia continued to pressure Jarquin-Rios to join after his release from custody. Jarquin-Rios left Nicaragua within two weeks of his release and travelled to Honduras where he remained for three years. Jarquin-Rios never received permission to permanently reside in Honduras. He eventually came to the United States in July, 1987. Since arriving in the United States, Jarquin-Rios has continued his studies. He obtained a GED and is currently studying architecture in college. He also works as a hotel driver and house attendant.
 
 
 7
 On April 3, 1989, the Immigration and Naturalization Service issued an order to show cause charging Jarquin-Rios with deportability for entering the United States without inspection. He admitted the allegations in the order to show cause, conceded deportability, and applied for asylum and withholding of deportation. The Immigration Judge ("IJ") denied the application for asylum and withholding of deportation, but granted voluntary departure. Jarquin-Rios appealed to the Board of Immigration Appeals ("BIA") which adopted the decision of the IJ and dismissed the appeal. Jarquin-Rios timely petitions for review under 8 U.S.C. § 1105a(a).
 
 Discussion
 
 8
 The Attorney General has discretion to grant an alien asylum if the alien is determined to be a "refugee." 8 U.S.C. § 1158(a). A refugee is any person who is unable or unwilling to return to his or her country of origin "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A). The well-founded fear standard has both a subjective and an objective component. Prasad v. INS, 47 F.3d 336, 338 (9th Cir.1995). "The subjective component may be satisfied by credible testimony that the applicant genuinely fears persecution." Id. The objective component requires a showing by credible, direct, and specific evidence of facts supporting a reasonable fear of persecution. Id.
 
 
 9
 We review the factual determinations underlying the BIA's denial of asylum for substantial evidence. INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992). The BIA's factual determinations must be upheld if supported by "reasonable, substantial, and probative evidence on the record considered as a whole." Id. An alien who seeks reversal of the BIA's eligibility determination "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." Id. at 483-84.
 
 
 10
 A. We review the decision of the IJ.
 
 
 11
 We review the decision of the IJ when the BIA adopts the decision of the IJ. Alaelua v. INS, 45 F.3d 1379, 1382 (9th Cir.1995). Here, the BIA clearly adopted the decision of the IJ.
 
 
 12
 B. Past persecution.
 
 
 13
 Jarquin-Rios claims that the IJ erred in not considering past persecution as a ground for granting his request for asylum and that the BIA's boilerplate recital that he failed to establish past persecution or a well-founded fear of persecution does not cure the IJ's error. We agree.
 
 
 14
 The BIA must state with particularity and clarity the reasons for denying asylum. Castillo v. INS, 951 F.2d 1117, 1121 (9th Cir.1991). Where the BIA fails to adequately state its reasons, we must remand to the BIA for clarification of its decision. Id.
 
 
 15
 Here, the IJ failed to adequately consider Jarquin-Rios's past-persecution claim. In discussing the legal framework for asylum eligibility, the IJ failed to mention past persecution as a ground for asylum. The IJ also did not consider whether the arrest, attempted conscription, and conditional release constituted past persecution. Under these circumstances, a remand to the BIA for clarification is necessary.
 
 
 16
 C. Well-founded fear of persecution.
 
 
 17
 Jarquin-Rios argues that the IJ erred in concluding that he was not a refugee because he had found a "safe haven" in Honduras. The IJ determined:
 
 
 18
 Moreover, even if he were eligible for asylum, he found a safe haven for three years in Honduras. He was not firmly resettled, as that term is defined, because he did not have legal resident status. But to be a refugee, you have to show that you have a fear of persecution. By the time he came to the United States, he no longer was a refugee because he had found a safe haven for many years. Thus if I were to find he qualified for asylum, it would be denied for discretionary reasons because of his finding safety in that country.
 
 
 19
 We are unable to determine from a review of the IJ's decision whether the IJ considered Jarquin-Rios's stay in Honduras in connection with the eligibility determination or in connection with the exercise of discretion. It would be improper for the IJ to consider his stay in Honduras in connection with the eligibility determination. See 8 U.S.C. § 1101(a)(42)(A); Damaize-Job v. INS, 787 F.2d 1332, 1337 (9th Cir.1986). On the other hand, it would be proper for the IJ to consider Jarquin-Rios's stay in Honduras in the exercise of discretion. See Matter of Pula, 19 I. & N. Dec. 467, 473-74 (BIA 1987). We therefore must remand to the BIA for clarification of its decision.[1]
 
 Conclusion
 
 20
 We grant Jarquin-Rios's petition and remand for reconsideration of his asylum and withholding of deportation claims. Because Jarquin-Rios has not yet prevailed on the merits, we deny without prejudice his request for attorney's fees pursuant to 28 U.S.C. § 2412. See Escobar Ruiz v. INS, 787 F.2d 1294, 1297-98 (9th Cir.1986), aff'd, 838 F.2d 1020 (9th Cir.1988) (en banc).
 
 
 21
 PETITION GRANTED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Jarquin-Rios has raised several other issues on appeal, including the significance of the persecution of his family members, the significance of the changed conditions in Nicaragua, and the propriety of the BIA's decision in Matter of Chen, Int.Dec. 3104 (BIA 1989). Because we remand to the BIA to reconsider Jarquin-Rios's eligibility for asylum, we need not address these issues