132 F.3d 493
 97 Cal. Daily Op. Serv. 9552, 97 Daily Journal
D.A.R. 15,309
Jorge RUEDA-MENICUCCI; Ana M. Calero De Rueda; Jorge
Martin Rueda-Calero; Jorge Enrique Rueda-Calero;
Ana Maria Rueda-Calero, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 95-70281.
 United States Court of Appeals,
Ninth Circuit.
 Dec. 22, 1997.
 
 Ralph J. Leardo, San Francisco, CA, for Petitioners.
 Donald E. Keener, Office of Immigration Litigation, Department of Justice, Washington, DC, for Respondent.
 Before: HUG, Chief Judge, and SCHROEDER and TASHIMA, Circuit Judges.
 
 
 1
 Petitioners seek attorney's fees under the Equal Access to Justice Act, ("EAJA"), 28 U.S.C. § 2412(d), following our remand of their asylum and withholding of deportation claims to the Board of Immigration Appeals ("BIA").[1] The request requires us to determine whether the Supreme Court's holding regarding EAJA prevailing party status in Shalala v. Schaefer, 509 U.S. 292, 300-02, 113 S.Ct. 2625, 2630-32, 125 L.Ed.2d 239 (1993), effectively overrules our decisions in Escobar Ruiz v. INS, 787 F.2d 1294, 1297-98 (9th Cir.1986), aff'd en banc, 838 F.2d 1020, 1029 (9th Cir.1988), and Beltran-Zavala v. INS, 912 F.2d 1027, 1032 (9th Cir.1990). We hold that Schaefer overrules Escobar Ruiz and Beltran-Zavala, and that petitioners are entitled to attorney's fees under the EAJA.
 
 A. BACKGROUND
 
 2
 Rueda-Menicucci, a native and citizen of Nicaragua, testified at his deportation hearing that he was arrested, severely beaten and interrogated by agents of the Somoza regime during a 15-day detention in 1978, on account of his political activities in support of the Social Christian Party. In 1979, Rueda-Menicucci was shot by a member of the Somoza military. In 1981, Sandinista officials arrested and detained Rueda-Menicucci for three days. He was beaten continuously, his clothes were destroyed, and his captors threatened to kill him. Rueda-Menicucci believes that he was arrested because he was "in ... disagreement [with] the political alignment of the Sandinista front."
 
 
 3
 The BIA affirmed the immigration judge's denial of relief, finding that Rueda-Menicucci failed to establish a well-founded fear of persecution on account of one of the five statutory grounds. The BIA further found that even if Rueda-Menicucci had established past persecution, he would not qualify for asylum or withholding of deportation because he failed to provide "sufficiently detailed evidence of any widespread instances in which the Sandinistas ... have imprisoned or otherwise harmed ... individuals upon their return to Nicaragua...."
 
 
 4
 Upon review of the BIA's decision, we held that Rueda-Menicucci's testimony, if true, compels a finding of past persecution by Sandinista and Somoza officials on account of political opinion. See Rueda-Menicucci v. INS, 92 F.3d 1194 (9th Cir.1996); see also Prasad v. INS, 101 F.3d 614, 617 (9th Cir.1996) (finding that multiple detentions and beatings by government officials amounted to persecution). We also held that the BIA erred by placing the burden on Rueda-Menicucci to show a well-founded fear of persecution, because once he established past persecution, a rebuttable presumption arose that he had a well-founded fear of persecution, unless the Immigration and Naturalization Service ("INS") could show by a preponderance of the evidence that country conditions had changed to such an extent that the inference was invalid. See Rueda-Menicucci, 92 F.3d 1194; see also Singh v. Ilchert, 69 F.3d 375, 379, 381 (9th Cir.1995) (per curiam). We granted the petition for review and remanded the case to the BIA for further consideration in light of our memorandum disposition. See Rueda-Menicucci, 92 F.3d 1194.
 
 B. EAJA FEES
 
 5
 Petitioners have now moved for attorney's fees and expenses under the EAJA, which permits a prevailing party in civil litigation against the United States to recover attorney's fees and expenses unless the government's position was substantially justified or special circumstances would render a fee award unjust. See 28 U.S.C. § 2412(d)(1)(A). The INS opposes the fee request on the grounds that: 1) petitioners were not prevailing parties; 2) the government's position was substantially justified; and 3) even if petitioners are entitled to fees, any award should not exceed the statutory maximum of $75.00 per hour. The INS' arguments are not persuasive, and we award attorney's fees and expenses in the amount of $10,071.70.
 
 1. Prevailing Party
 
 6
 Relying on Escobar Ruiz, 787 F.2d at 1297-98, and Beltran-Zavala, 912 F.2d at 1032, the INS argues that petitioners are not prevailing parties within the meaning of the EAJA because they merely secured a remand for further agency action, and did not obtain affirmative relief on the merits of their underlying claims for asylum and withholding of deportation. In Escobar Ruiz, we held that a petitioner whose deportation proceedings were reopened by the BIA was not a prevailing party entitled to fees because he had "not yet received a favorable determination of any of the merits of his underlying action." 787 F.2d at 1298. We also denied attorney's fees following a remand in Beltran-Zavala, because we determined that the remand order was not a final judgment. 912 F.2d at 1032.
 
 
 7
 In Schaefer, 509 U.S. at 300-02, 113 S.Ct. at 2630-32, the Supreme Court clarified when a final judgment is entered for purposes of EAJA fees. The Court held that a "sentence four" remand under the Social Security Act for further administrative proceedings constitutes a final judgment because the remand order terminates the litigation in favor of the claimant.[2] See id. We noted in Flores v. Shalala, 49 F.3d 562, 568 (9th Cir.1995), that Schaefer resolved the dispute over when a claimant achieves prevailing party status by holding that an applicant for benefits becomes the prevailing party once he obtains a sentence four remand, regardless of whether he later prevails before the agency on his claim for benefits.
 
 
 8
 Although Schaefer was a Social Security case, we can perceive no difference between a "sentence four" remand under § 405(g) and a remand to the BIA for further proceedings.[3] In both cases, the remand terminates judicial proceedings and results in the entry of a final judgment. We conclude that Schaefer effectively overrules our holdings in Escobar Ruiz and Beltran-Zavala that the entry of judgment remanding a case to the BIA for further consideration does not constitute a final judgment in favor of the petitioner. Because petitioners obtained such a remand, they are prevailing parties under Schaefer and, thus, entitled to attorney's fees, unless the government's position was substantially justified.
 
 2. Substantial Justification
 
 9
 The INS contends that petitioners are not entitled to attorney's fees because its position was substantially justified. This argument lacks merit. The government's position must have a reasonable basis in law and fact to be substantially justified. See Ramon-Sepulveda v. INS, 863 F.2d 1458, 1459 (9th Cir.1988). In our remand order, we held that Rueda-Menicucci's testimony, if true, compels a finding of past persecution. See Rueda-Menicucci, 92 F.3d 1194. Moreover, contrary to agency and circuit precedent, and INS regulations, the BIA failed to place the burden on the INS to rebut the presumption of a well-founded fear of future persecution that arises from a showing of past persecution. Therefore, we find that the INS' position was not substantially justified. See id.
 
 3. Amount of Award
 
 10
 The maximum statutory rate for a fee award under the EAJA is $75 an hour, "unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A). The statutory exception for limited availability of qualified attorneys "refers to attorneys having some distinctive knowledge or specialized skill needful for the litigation in question." Pierce v. Underwood, 487 U.S. 552, 572, 108 S.Ct. 2541, 2554, 101 L.Ed.2d 490 (1988).
 
 
 11
 Petitioners seek reimbursement for 77.3 hours of work,[4] at a rate of $175.00 per hour, because of the limited availability of qualified attorneys in the immigration field and their attorney's expertise in immigration law. While we believe that a speciality in immigration law could be a special factor warranting an enhancement of the statutory rate, cf. Pirus v. Bowen, 869 F.2d 536, 542 (9th Cir.1989) (affirming EAJA fee award in excess of the statutory cap for attorney who specialized in social security law), we find that counsel's specialized skill was not "needful for the litigation in question," Underwood, 487 U.S. at 572, 108 S.Ct. at 2554. Accordingly, we deny petitioners' request for an enhancement above the statutory cap on the basis of the proffered special factors.
 
 
 12
 However, we find that an increase in the statutory rate is justified to account for inflation. See Ramon-Sepulveda, 863 F.2d at 1463-64 (adding inflationary adjustment to statutory maximum).[5] Accordingly, we award petitioners attorney's fees at the rate of $129.00 per hour for 77.3 hours.[6]
 
 
 13
 Petitioners are awarded $9,971.70 in attorney's fees and $100.00 in costs, for a total award under the EAJA of $10,071.70 against the Immigration and Naturalization Service.
 
 
 
 [1]
 The lead petitioner is Jorge Rueda-Menicucci ("Rueda-Menicucci"). The asylum and withholding of deportation claims of his spouse, Ana M. Calero de Rueda, and their three children, are derivative of Rueda-Menicucci's claims
 
 
 [2]
 A remand under "sentence four" of 42 U.S.C. § 405(g) involves "[i]mmediate entry of judgment (as opposed to entry of judgment after postremand agency proceedings have been completed and their results filed with the court)," the latter being the case in a "sentence six" remand. Id. at 297 & n. 2, 113 S.Ct. at 2629 & n. 2
 
 
 [3]
 In fact, in Beltran-Zavala, we relied on a Social Security case in holding that a remand to the BIA for further proceedings was not a "final judgment" under the EAJA. See 912 F.2d at 1032 (citing Papazian v. Bowen, 856 F.2d 1455 (9th Cir.1988))
 
 
 [4]
 Although the INS claims that petitioners have requested redundant and excessive hours, it did not submit any evidence "challenging the accuracy and reasonableness of the hours charged." Gates v. Deukmejian, 977 F.2d 1300, 1305-06 (9th Cir.1992). Accordingly, we grant compensation for the total hours requested
 
 
 [5]
 The adjusted rate of compensation is arrived at "by multiplying the $75 cap by the most recent consumer price index for urban consumers, then dividing by the consumer price index figure in October, 1981." Russell v. Sullivan, 930 F.2d 1443, 1446 (9th Cir.1991)
 
 
 [6]
 $75/hour X 160.2/93.4 = $129.00/hour (consumer price index figures provided by petitioners and not contested by respondent). $129/hour X 77.3 hours = $9,971.70