132 F.3d 40
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gerardo Antonio RIVERA-DUARTE, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. Ari-vpp-ypu, 96-70555.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 5, 1997.**
Dec. 23, 1997.
 
 On Petition for Review of an Order of the Board of Immigration Appeals
 Before BEEZER, THOMPSON and O'SCANNLAIN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Gerardo Antonio Rivera-Duarte, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") decision affirming the order of an immigration judge ("IJ") denying his applications for asylum and withholding of deportation under section 208(a) and 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction pursuant to 8 U.S.C. § 1105a(a), and we deny the petition for review.
 
 
 3
 Rivera-Duarte first contends that the BIA erred because it failed to make its own credibility determination. This contention lacks merit because the BIA assumed Rivera-Duarte's testimony was credible and reviewed his case accordingly, accepting all of the underlying facts as alleged. See Barraza-Rivera v. INS, 913 F.2d 1443, 1450 (9th Cir.1990). This is all the BIA is required to do.
 
 
 4
 Next, Rivera-Duarte contends that the BIA failed to adequately state its reasons for denying his applications for asylum and withholding of deportation. This contention also lacks merit.
 
 
 5
 In order for this court to conduct a proper review of the BIA's decision, the BIA's "opinion must state with sufficient particularity and clarity the reasons for denial of asylum." Castillo v. INS, 951 F.2d 1117, 1121 (9th Cir.1991). Contrary to Rivera-Duarte's contention, the BIA's opinion enumerated the specific grounds upon which it based its decision, and considered all factors when it denied relief. See id.
 
 
 6
 Finally, Rivera-Duarte contends that the BIA erred when it determined that he failed to demonstrate a well-founded fear of future persecution on the basis of actual or imputed political opinion. This contention lacks merit.
 
 
 7
 We review the factual findings regarding Rivera-Duarte's eligibility for asylum under the substantial evidence standard. See Fisher v. INS, 79 F.3d 955, 961 (9th Cir.1996) (en banc) (citation omitted). We must uphold the BIA's denial of asylum unless an alien demonstrates that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution. See INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992).
 
 
 8
 To qualify for asylum, Rivera-Duarte must demonstrate that he has suffered past persecution or has a well-founded fear of future persecution in Guatemala on account of race, religion, nationality, membership in a particular social group, or political opinion. See 8 U.S.C § 1101(a)(42)(A). To establish a wellfounded fear of future persecution, an applicant must show both a genuine subjective fear and an objectively reasonable fear. See Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). "The objective component requires a showing by 'credible, direct, and specific evidence, of facts supporting a reasonable fear of persecution" on account of one of the enumerated grounds. Id. (citation omitted). When seeking asylum on account of political opinion, the applicant must establish that a political opinion is known to or imputed to him by the persecutors. See Sangha v. INS, 103 F.3d 1482, 1487-98 (9th Cir.1997).
 
 
 9
 Rivera-Duarte testified that he received a letter in 1989 from guerillas asking him to collaborate with them, and that he believed a guerilla attack on a church two days after he received the letter was directed at him. Rivera-Duarte also testified that in 1993, he was threatened by fellow union members after he failed to attend a union meeting where a labor strike was discussed. Rivera-Duarte, however, failed to present evidence sufficient to establish that these isolated events were motivated by his political opinion, either real or imputed. See Elias-Zacarias, 502 U.S. at 483.
 
 
 10
 Rivera-Duarte also failed to demonstrate that his fear of future persecution was objectively reasonable. See Acewicz, 984 F.2d at 1061. Rivera-Duarte did nothing more than speculate as to the identities and motives of the men whom his father wrote were looking for him in 1995, and whom he claims to fear upon return to Guatemala. To be eligible for asylum, "the victim needs to show the persecgutor had a protected basis ... in mind in undertaking the persecution." See Canas-Segovia v. INS, 970 F.2d 599, 601 (9th Cir.1992).
 
 
 11
 Under these circumstances, we cannot say that no reasonable factfinder could fail to find the requisite fear of persecution on account of actual or imputed political opinion. See EliasZacarias, 502 U.S. at 483-84; Sanga, 103 F.3d at 1490. Accordingly, we deny the petition for review.
 
 
 12
 Because Rivera-Duarte failed to establish eligibility for asylum, he necessarily failed to meet the more stringent standard required for withholding of deportation. See Ghaly v. INS, 58 F.3d 1425, 1429 (9th Cir.1995).[1]
 
 
 13
 PETITION FOR REVIEW DENIED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. See Fed. R.App. P. 34(a); 9th Cir. R 34-4
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Because he has not prevailed on the merits of his claim, we deny Rivera-Duarte's request for attorney's fees pursuant to 28 U.S.C. § 2412. See Escobar-Ruiz v. INS, 787 F.2d 1294, 1297-98 (9th Cir.1986), aff'd, 838 F.2d 1020 (9th Cir.1988) (en banc)