**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SHARON NEWTON-NATIONS, | No. 12-16152 |
| Plaintiff, | D.C. No. 2:03-cv-02506-ROS |
| And | |
| DONALD MCCANTS and NAHRIN SHAMOON, | MEMORANDUM[*] |
| Plaintiffs - Appellants, | |
| v. | |
| THOMAS BETLACH, Director of the Arizona Health Care Containment System and KATHLEEN SEBELIUS, Secretary of the United States Department of Human Services, in their official capacities, | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the District of Arizona
Roslyn O. Silver, Senior District Judge, Presiding

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Submitted April 10, 2014[]
San Francisco, California

Before: TALLMAN and CLIFTON, Circuit Judges, and DUFFY, Senior District Judge.[***]

Plaintiffs are a certified class of residents of Arizona and enrollees in Arizona's state Medicaid Program, Arizona Health Care Cost Containment System ("AHCCCS"), who appeal the district court's decision granting Defendants-Appellees' motion to dismiss their claims as moot. Plaintiffs originally challenged the approval of increased patient copayments in an Arizona Medicaid demonstration project that provided healthcare benefits to individuals not otherwise covered by Arizona's Medicaid plan.

It is a well-settled that under Article III of the Constitution a federal court's jurisdiction is limited to live cases and controversies. U.S. Const. art. III, § 2, cl. 1. In order for a federal court to exercise jurisdiction over a claim, "a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Lewis* v. *Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). The Arizona Medicaid demonstration program at

---

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***] The Honorable Kevin Thomas Duffy, Senior District Judge for the U.S. District Court for the Southern District of New York, sitting by designation.

issue and its corresponding administrative record expired on October 21, 2011, and, as such, this Court is unable to grant effective relief in this appeal because the challenged administrative decision and its corresponding administrative record are no longer in effect. *See generally Grand Canyon Trust* v. *U.S. Bureau of Reclamation*, 691 F.3d 1008, 1017 (9th Cir. 2012). Therefore, all claims stemming from that program and its administrative record are moot.

This is not a situation "capable of repetition, yet evading review." This court recognizes that while "the mootness doctrine generally bars claims challenging an action that has already taken place, there is an exception for claims which 'may be repeated and yet evade review.'" *Nw. Res. Info. Ctr., Inc.* v. *Nat'l Marine Fisheries Serv.*, 56 F.3d 1060, 1070 (9th Cir. 1995) (quoting *Alaska Fish & Wildlife Fed'n* v. *Dunkle*, 829 F.2d 933, 939 (9th Cir.1987)). To qualify for this exception, "the injury suffered must be of a type inherently limited in duration such that it is likely always to become moot before federal court litigation is completed. *Ctr. for Biological Diversity v. Lohn*, 511 F.3d 960, 965 (9th Cir. 2007). As a general matter, agency decisions fall within the "capable of repetition" exception to the mootness doctrine if i) the duration of the challenged action is too short to allow full litigation before it ceases, and ii) there is a reasonable expectation that the complaining party will be subject to the same action again.

*Greenpeace Action* v. *Franklin*, 14 F.3d 1324, 1329 (9th Cir. 1992). This appeal fails to meet either of these requirements. First, Plaintiffs' claims fail to satisfy the durational requirement needed to qualify for this exception. This court has consistently held that "an issue that 'evades review' is one which, in its regular course, resolves itself without allowing sufficient time for appellate review." *Biodiversity Legal Found.* v. *Badgley*, 309 F.3d 1166, 1173–74 (9th Cir. 2002). Plaintiffs had ample time to fully litigate these issues, and they did just that. Plaintiffs' claims do not evade review because they have been reviewed several times and by several courts. Second, there is no reasonable expectation that Plaintiffs will be subject to this same action again. It is unlikely, if not entirely impossible, that this dispute over the sufficiency and development of the administrative record accompanying Arizona's prior demonstration project will arise again because that program has expired and was replaced by a new demonstration project with a new administrative record. Ultimately, Plaintiffs cannot demonstrate that the facts on appeal fall within the narrow "capable of repetition" exception to the mootness doctrine.

This case is moot because the challenged agency decision and administrative record are now inoperative and a new administrative record supports the approval

of the subsequent demonstration project and the corresponding increased copayments. Accordingly, Plaintiffs' appeal is moot and is hereby DISMISSED.