**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ALEXIS RAESHAUN BELL, | No. 15-55853 |
| Plaintiff-Appellant, | D.C. No. 2:14-cv-06239-SJO-E |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Central District of California
S. James Otero, District Judge, Presiding

Submitted May 25, 2017[**]

Before: D.W. NELSON, TROTT, and OWENS, Circuit Judges.

Alexis Bell appeals the district court's decision (1) affirming the

Commissioner of Social Security's denial of her application for child's disability

insurance benefits under Title II of the Social Security Act, and (2) denying her

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

motion for a remand for consideration of new evidence. We have jurisdiction under 28 U.S.C. § 1291, and we affirm the district court's judgment.

To qualify for child's insurance benefits under 42 U.S.C. § 402(d), a claimant must show (1) that she is unmarried; (2) that she either "is below specified age limits (18 or 19) or is under a disability which began prior to age 22;" and (3) that she was dependent on the insured at the time of the insured's death. *Astrue v. Capato*, 132 S. Ct. 2021, 2027 (2012). "A physical or mental impairment must be established by medical evidence consisting of signs, symptoms, and laboratory findings, not only by [the claimant's] statement of symptoms." 20 C.F.R. § 404.1508. The agency requires "evidence from acceptable medical sources to establish whether [a claimant has] a medically determinable impairment(s)." 20 C.F.R. § 404.1513(a).

The administrative law judge ("ALJ") did not fail to satisfy his duty to develop the record. Bell was required to establish a disability that began before she reached age 22 in 1994. *See Capato*, 132 S. Ct. at 2027. The record was inadequate for the ALJ to determine whether Bell was disabled prior to attaining age 22 because it included no medical evidence from the period up to 1994. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001) (holding that ALJ must develop the record further when it is inadequate to allow for proper evaluation of

2

the evidence). The ALJ had a heightened responsibility to assist Bell because she was proceeding pro se and had been diagnosed with mental illness. *See Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). The Commissioner contacted multiple doctors and institutions, all of which replied that they no longer had records pertaining to Bell. Under the circumstances of this case, where Bell was attempting to establish her disability approximately eighteen years in the past, the Commissioner's efforts satisfied the duty to develop the record. *See* 20 C.F.R. § 404.1512(d) (providing that agency must make reasonable efforts to obtain medical evidence); *Tonapetyan*, 242 F.3d at 1150.

The district court did not err in denying Bell's motion for a "sentence-six" remand for consideration of new evidence. *See* 42 U.S.C. § 405(g). Bell's "Exhibit A" was not new evidence because it already had been made part of the administrative record and considered by the Appeals Council. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012) (holding that when the Appeals Council considers evidence not submitted to the ALJ, this evidence becomes part of the administrative record, and the court must consider it in reviewing the Commissioner's decision for substantial evidence). Bell's "Exhibits B-E" were not material, and she did not show good cause for failing to submit this evidence earlier. *See Wood v. Burwell*, 837 F.3d 969, 977 (9th Cir.

3

2016) (stating that a sentence remand requires a showing of materiality and good cause). Exhibits D and E were medical records from a later time, and thus not probative of Bell's mental impairment prior to age 22. *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (holding that the ALJ properly did not address a social worker's post-insured-date opinion regarding a claimant's ability to work). In addition, both the treating nurse practitioner and the examining psychiatrist relied to some extent on Bell's own reports of her mental health history, and the ALJ found that Bell lacked credibility. *See* 20 C.F.R. § 404.1508; *Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (holding that an ALJ may discount a treating provider's opinion when the opinion is based to a large extent on the claimant's self-reports and not clinical evidence and the ALJ finds the claimant not credible). The district court did not abuse its discretion in concluding that Bell failed to establish good cause for failing to submit her new evidence earlier. *See Mayes*, 276 F.3d at 461-62.

**AFFIRMED.**[1]

---

[1] The Commissioner's motion for judicial notice, Docket Entry No. 17, is granted.