NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

JUN 28 2017

FOR THE NINTH CIRCUIT

| | |
|---|---|
| TONY P. WARZECHA, | No. 14-35665 |
| Plaintiff-Appellant, | D.C. No. 6:13-cv-01263-BR |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Anna J. Brown, District Judge, Presiding

Submitted June 23, 2017[**]

Before:      NELSON, TROTT and OWENS, Circuit Judges.

Tony Warzecha appeals the district court's decision affirming the

Commissioner of Social Security's denial of Warzecha's application for disability

insurance benefits and supplemental security income under Titles II and XVI of the

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Social Security Act. We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Ghanim v. Colvin*, 763 F.3d 1154, 1159 (9th Cir. 2014), and we affirm.

The Administrative Law Judge ("ALJ") properly relied on the opinions of nonexamining medical consultants, supported by Warzecha's actual work history and the lack of objective medical evidence, to reject the opinion of Dr. Prescott. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir. 2005) (ALJ may reject examining physician opinion that is contradicted by claimant's past work history); *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999) (nonexamining physician opinion supported by other evidence in the record constitutes substantial evidence to reject contradicted opinion of examining physician). Any error in relying on Warzecha's failure to seek treatment was harmless. *See Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012).

The Commissioner did not err in failing to include a prior examination in the administrative record because the examination significantly predated Warzecha's alleged onset date of disability. *See Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008) ("Medical opinions that predate the alleged onset of disability are of limited relevance.").

The new evidence that Warzecha submitted to the Appeals Council did not become part of the administrative record when the Appeals Council returned the evidence without considering it. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682

F.3d 1157, 1163 (9th Cir. 2012) (explaining that evidence becomes part of the administrative record only when the Appeals Council considers it). Because the evidence did not relate to the period on or before the ALJ's decision, the Appeals Council was not required to consider it. *See id.* at 1162.

Warzecha fails to meet the requirements for this court to remand his case to the Commissioner based on new evidence. *See Wood v. Burwell*, 837 F.3d 969, 977 (9th Cir. 2016) (remand requires "a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record") (quoting 42 U.S.C. § 405(g)). Warzecha failed to establish good cause when he argued that the records were not available earlier due to recently beginning treatment. *See Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985) (holding that good cause was not established when a claimant sought out new treatment shortly after receiving a denial by an ALJ). Warzecha failed to establish materiality because the additional records did not offer a "reasonable possibility that the new evidence would have changed the outcome of the … determination." *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984) (internal citations omitted).

**AFFIRMED.**