**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 26 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DENNIS KEITH PIGULA, | No. 16-16845 |
| Plaintiff-Appellant, | D.C. No. 5:16-cv-01190-NC |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Nathanael M. Cousins, Magistrate Judge, Presiding

Submitted March 22, 2018[**]

Before: FARRIS, CANBY, and LEAVY, Circuit Judges.

Dennis Keith Pigula appeals pro se from the district court's decision

affirming the Commissioner of Social Security's denial of his application for

disability insurance benefits under Title II of the Social Security Act. We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 28 U.S.C. § 1291.  We review the district court's decision de novo, *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015), and we affirm.

The administrative law judge ("ALJ") did not err in according "less weight" to the contradicted opinions of two treating physicians because he provided several specific and legitimate reasons, supported by substantial evidence, for his assessment.  *See Trevizo v. Berryhill*, 871 F.3d 664, 675 (9th Cir. 2017).  The ALJ properly relied on the contradiction between the treating physicians' assessment of Pigula's physical limitations and the objective medical evidence, including pulmonary function test results and x-rays, *see id*. (referring to supportability and consistency with the record); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (holding that ALJ properly discounted treating physician's opinion that was not supported by objective medical evidence); a normal range of motion found on physical examination, *See Batson*, 359 F.3d at 1195; the short duration of one doctor's treatment relationship with Pigula, *see Trevizo*, 871 F.3d at 675; a plastic surgery specialist's differing opinion regarding hand limitations, *see id*.; and the limited time period addressed by the two treating physicians, *see Batson*, 359 F.3d at 1194-95 (holding that claimant bears burden of proving his disability).

At step five of the sequential analysis, the ALJ did not err in finding that Pigula could perform jobs existing in significant numbers in the national economy.

*See Lounsburry v. Barnhart*, 468 F.3d 1111, 1114 (9th Cir. 2006) (explaining Commissioner's burden of proof at step five). This finding did not contradict the ALJ's reliance, at step four, on the vocational expert's testimony that Pigula could not perform his past relevant work. *See id.* (addressing claimant's burden at step four). Any error in the ALJ's failure to ask the vocational expert about other jobs that Pigula could perform, despite a mild non-exertional impairment with respect to his ability to perform complex tasks, was harmless because the range of medium work existing in significant numbers in the national economy includes many occupations for which complex tasks are not required. *See* 20 C.F.R. Part 404, Subpt. P, App'x 2, § 203.15 (directing a finding of "not disabled" for a claimant of advanced age, limited to medium work, with a high school education and no transferable skills); *Brown-Hunter*, 806 F.3d at 492 (explaining that an error is harmless if it is inconsequential to the ultimate nondisability determination).

Finally, neither medical evidence submitted for the first time to the Appeals Council, nor new medical evidence attached to Pigula's opening brief, warrants a remand for further proceedings. This later-produced evidence is not probative of whether Pigula was disabled prior to his date last insured. *See Wood v. Burwell*, 837 F.3d 969, 977 (9th Cir. 2016) (setting forth standard for "sentence-six" remand for consideration of new evidence); *Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1224 (9th Cir. 2010) (holding that ALJ properly did not address a social worker's

3

post-insured-date opinion regarding a claimant's ability to work).

      **AFFIRMED.**