NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANTHONY J. SCHALK, | No.   16-35088 |
| Plaintiff-Appellant, | D.C. No. 3:14-cv-01495-JO |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Robert E. Jones, District Judge, Presiding

Submitted May 14, 2018[**]

Before:  FARRIS, CANBY and LEAVY, Circuit Judges.

Anthony Schalk appeals the district court's judgment affirming the

Commissioner of Social Security's denial of Schalk's application for disability

insurance benefits under Title II of the Social Security Act.  We have jurisdiction

under 28 U.S.C. § 1291.  We review de novo, *Ghanim v. Colvin*, 763 F.3d 1154,

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1159 (9th Cir. 2014), and we affirm.

The new evidence that Schalk submitted to the Appeals Council did not become part of the administrative record when the Appeals Council returned the evidence without considering it. *See Brewes v. Comm'r of Soc. Sec. Admin.*, 682 F.3d 1157, 1163 (9th Cir. 2012) (explaining that evidence becomes part of the administrative record only when the Appeals Council considers it). Because the evidence did not relate to the period on or before the ALJ's decision, the Appeals Council was not required to consider it. *See id.* at 1162.

Schalk fails to meet the requirements for this court to remand his case to the Commissioner based on new evidence. *See Wood v. Burwell*, 837 F.3d 969, 977 (9th Cir. 2016) (remand requires "a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record") (quoting 42 U.S.C. § 405(g)). Schalk failed to establish good cause when he argued that the records were not available earlier because he did not know that he had a somatoform disorder until after the Social Security Administration denied his claim. *See Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985) (holding that good cause was not established when a claimant sought out new treatment shortly after receiving a denial by an ALJ). Schalk failed to establish materiality because the additional records did not offer a "reasonable possibility that the new evidence would have changed the outcome of the . . .

2                                                                                   16-35088

determination." *Booz v. Sec'y of Health & Human Servs.*, 734 F.2d 1378, 1380 (9th Cir. 1984) (internal citations omitted).

The ALJ's finding that Schalk's chronic pain symptoms were not disabling is not inconsistent with his finding that chronic pain was a severe impairment at Step 2. The ALJ did not solely consider a lack of objective medical evidence to discredit Schalk's testimony. The ALJ properly discussed numerous clear and convincing reasons to reject Schalk's testimony, citing specific findings for each. The ALJ also considered a lack of objective medical evidence, which is relevant to determining the severity of a claimant's chronic pain and its disabling effects. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2011).

The ALJ gave the following specific and legitimate reasons for assigning little weight to treating orthopedic physician Dr. Thomas's opinion: (1) the objective evidence from Dr. Weller and other treating providers do not support his opinion; and (2) Dr. Thomas first saw Schalk in April 2011, two months before the date last insured. *See Thomas v. Barnhart*, 278 F.3d 947, 957 (9th Cir. 2002) ("The ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is . . . inadequately supported by the clinical findings."); *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004) (upholding ALJ's rejection of two treating physicians' opinions, in part because they conflict with a consultative medical evaluation). The ALJ's finding that Dr.

Thomas's opinions "appear to be based" on Schalk's subjective statements is speculative, so this reason is not strong. *Bray v. Commissioner of Social Security Administration*, 554 F.3d 1219, 1227-28 (9th Cir. 2009) (holding that an ALJ can reasonably discount a physician's opinion that is based on self-report that the ALJ properly finds to lack credibility). Nevertheless, the ALJ provided two other specific and legitimate reasons supported by substantial evidence for discounting his opinions. *See Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (An ALJ's error is harmless where it is "inconsequential to the ultimate nondisability determination.").

The ALJ reasonably gave "little weight" to Dr. Bates-Smith's opinion because it was inconsistent with other evidence and his activities. *See Batson*, 359 F.3d at 1195 (ALJ need not accept opinion of even treating physician if it is inadequately supported by clinical findings); *Rollins*, 261 F.3d at 856. The ALJ also reasonably discounted her opinion because her examination and opinion occurred fifteen months after the date last insured and she did not indicate how these limitations would have applied in the past. *See Lombardo v. Schweiker*, 749 F.2d 565, 567 (9th Cir. 1984) (holding that it was appropriate for the ALJ to discount an opinion rendered a year and a half after the date last insured).

The ALJ gave a germane reason for discounting Ms. Goldstein's opinion because her opinion was inconsistent with the objective medical findings. *See*

*Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (finding a discrepancy between a source's opinion and a claimant's objective medical findings is sufficient reason for the ALJ to discount that opinion). The ALJ also properly discounted Ms. Goldstein's opinion for relying on Schalk's subjective reports. *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 694 (9th Cir. 2009) (an ALJ may reject lay witness testimony if it is based on a claimant's testimony that has been properly discounted). It was harmless error for the ALJ to discount Ms. Goldstein's opinion for the erroneous reason that she is not an acceptable medical source. *See Molina*, 674 F.3d at 1122 (upholding ALJ decision where error is inconsequential to the ultimate nondisability determination).

The ALJ identified specific, clear and convincing reasons that are supported by substantial evidence for discounting Schalk's testimony regarding the debilitating effects of his symptoms: (1) there were inconsistencies between his subjective complaints and activities of daily living; and (2) his subjective complaints are not consistent with the medical evidence. *Ghanim*, 763 F.3d at 1165 ("Engaging in daily activities that are incompatible with the severity of symptoms alleged can support an adverse credibility determination."); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th Cir. 2005) (holding that an ALJ can consider a lack of supporting medical evidence when assessing credibility).

Schalk does individually identify any of the four lay witness statements or

16-35088

any limitations that the ALJ failed to incorporate into the residual functional capacity, so this underdeveloped argument fails. *Valentine*, 574 F.3d at 692 n.2 (rejecting argument that the ALJ failed to account for injuries in "some unspecific way" where "the RFC include[d] several physical limitations."). The ALJ also properly reasoned that the lay witness statements were not fully credible to the extent that they were based on Schalk's subjective statements, which the ALJ discounted for clear and convincing reasons as discussed above. Any error in discounting the lay witness testimony was harmless because the lay witness testimony was similar to Schalk's testimony regarding his experience of physical pain due to his back impairment that interfered with his ability to function, lift, stand, and perform various daily tasks. *Valentine*, 574 F.3d at 694; *Molina*, 674 F.3d at 1122.

      **AFFIRMED.**