**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DAVID MITCHELL KNIBBS, | No. 16-35263 |
| Plaintiff-Appellant, | D.C. No. 6:11-cv-06208-JE |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Oregon
Michael H. Simon, District Judge, Presiding

Submitted July 16, 2018[**]
San Francisco, California

Before: LEAVY, TROTT, and TALLMAN, Circuit Judges.

David Knibbs appeals pro se the district court's judgment affirming the

Administrative Law Judge's ("ALJ") denial of his application for child disability

benefits and supplemental security income under Titles II and XVI of the Social

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Security Act. "We review the district court's order . . . de novo, and reverse only if the ALJ's decision was not supported by substantial evidence in the record as a whole or if the ALJ applied the wrong legal standard." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (internal citations omitted). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Knibbs contends that the district court erred in affirming the ALJ because he claims the ALJ failed (1) to consider all of his impairments, including the limitations caused by those impairments in the residual function capacity ("RFC") assessment, and (2) to identify specific, clear and convincing reasons for finding Knibbs's and his mother's testimony less than credible. We disagree.[1]

Substantial record evidence supported the ALJ's decision to take account of credible limitations to formulate an RFC that did not depend on Knibbs's subjective complaints. *Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005). Furthermore, we need not address Knibbs's undeveloped argument that he has more than thirty supposed disabilities given the lack of specific evidence

---

[1] Knibbs also makes various claims regarding missing records that support his claim of disability. Because he bears the burden of proof to provide evidence to support his claim, *Mayes v. Massanari*, 276 F.3d 453, 461–62 (9th Cir. 2001), those documents must be material, *Wood v. Burwell*, 837 F.3d 969, 977 (9th Cir. 2016), and issues must have been raised first in the district court to be considered on appeal, *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006), we dismiss those claims.

presented.  *Carmickle v. Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1161 n.2 (9th Cir. 2008).

As to the credibility findings, the ALJ did not rely solely on the absence of objective medical evidence or a lack of medical training.  Instead, the ALJ also cited to other substantial evidence in the record, including specific and germane inconsistencies between Knibbs's and his mother's testimony and the objective medical evidence reports as well as Knibbs's own reported activities.  *See Bayliss*, 427 F.3d at 1217–18.

**AFFIRMED.**

**Knibbs v Berryhill, 16-35263**

Leavy, Circuit Judge, dissenting:

FILED

JUL 18 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

     I would reverse because the ALJ failed to articulate specific, clear and convincing reasons for finding Knibbs's symptom testimony less than fully credible. The ALJ also failed to provide germane reasons for discounting Knibbs's mother's lay testimony. I would remand for further proceedings.